NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-1843

———————————

U.S. RENAL CARE INC.
d/b/a U.S. RENAL CARE CENTRAL
YORK DIALYSIS individually and as ASSIGNEE
OF PATIENT, WW,

Appellant
v.

WELLSPAN HEALTH; WELLSPAN MEDICAL PLAN;
THE PLAN ADMINISTRATOR OF WELLSPAN MEDICAL PLAN;
SOUTH CENTRAL PREFERRED, INC.

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-02257)
District Judge: Honorable Sylvia H. Rambo

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2018

Before: AMBRO, RESTREPO, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 24, 2018)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

U.S. Renal Care, Inc. appeals the District Court's grant of summary judgment in favor of WellSpan Health, WellSpan Medical Plan, and South Central Preferred (collectively "WellSpan").[1] Renal Care argues the Court erroneously held WellSpan established an equitable lien by agreement for the reimbursement of its mistaken overpayment to Renal Care for dialysis services it provided to a plan beneficiary. It also argues there is a material factual dispute over whether it received a May 2013 mailing from WellSpan containing documents to support the latter's refund request.[2]

We have jurisdiction over final orders of the District Court under 29 U.S.C. § 1291. We review its grant of summary judgment *de novo* and apply the same standard it used. *See Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002). Summary judgment is proper if, viewing the record in the light most favorable to Renal Care, there is no

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We do not address the issues Renal Care raises in its Statement of Issues or Argument headings for which it does not present an argument in its opening brief; we consider those issues abandoned and waived. *See Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 545 (3d Cir. 2012).

[2] Renal Care also contends there is a factual dispute as to WellSpan's demand for reimbursement of overpayments due to a second set of clerical errors. However, its assertion that WellSpan issued its demand before those errors occurred is contrary to the record. J.A. at 340–43.

genuine issue of material fact and WellSpan is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a).

We affirm the District Court's holding that WellSpan established an equitable lien by agreement. The Court correctly relied on *Funk v. CIGNA*, which held an agreement that states the plaintiff was responsible for reimbursement of the full amount of any overpayment was sufficient to create an equitable lien by agreement. *Funk v. CIGNA Grp. Ins.*, 648 F.3d 182, 194–95 (3d Cir. 2011). Though it was abrogated on other grounds by *Montanile v. Board of Trustees*, this portion of *Funk*'s holding remains good support. *See Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016). Even assuming the beneficiary's assignment to Renal Care was valid, it stands in the shoes of the beneficiary with respect to the agreement between him and WellSpan regarding reimbursement. *See CardioNet, Inc. v. CIGNA Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014). WellSpan's equitable lien by agreement thus arose from its contractual right to overpayment. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 95–96 (2013).

Renal Care's commingling of WellSpan's overpayments with other moneys in its operating account does not make the overpayments untraceable. *See, e.g.*, *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362–63 (2006) (holding portion of beneficiary's settlement constituted specifically identifiable funds subject to equitable lien). WellSpan identified a specific fund in Renal Care's possession (its operating account) and the particular share of that fund to which it is entitled (the amount of the overpayments). *See Montanile*, 136 S. Ct. at 660 (interpreting *Sereboff*, 547 U.S. at 364–65).

Finally, there is no material factual dispute over whether Renal Care received the May 2013 mailing from WellSpan. The Court correctly applied the "mailbox rule" that a document is presumed to have reached its destination at the regular time and been received by the person to whom it was addressed if it was proved to have been properly directed and put into the post office or delivered to the mail carrier. *See Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 319 (3d Cir. 2014). Renal Care failed to rebut the presumption of receipt because it solely relied on a sworn statement by a Renal Care employee who was not employed at the time the letters were mailed and had no personal knowledge of the mailing or Renal Care's intake procedures at the time.

Thus we affirm.